John WILLIAMS, Defendant–
Appellant/Cross–Appellee,

v.

Donna LESLIE, Plaintiff–
Appellee/Cross–
Appellant.

Nos. 00–3593, 00–3658.

United States Court of Appeals,
Sixth Circuit.

Jan. 4, 2002.

Before KRUPANSKY,
SUHRHEINRICH, and SILER, Circuit
Judges.

PER CURIAM.

This action involves a challenge to the constitutionality of an Ohio statute providing for the transfer of motor vehicle certificates of title. Defendant John Williams, Clerk of the Court for the Pike County Court of Common Pleas, appeals the district court's summary judgment in favor of plaintiff Donna Leslie, declaring that Ohio Rev.Code § 4505.10(A) is unconstitutional and permanently enjoining Williams from implementing § 4505.10(A). Leslie cross-appeals the district court's summary judgment in favor of Williams and Pike County

holding that the Eleventh Amendment bars her claims for monetary damages. We affirm the summary judgment in favor of Williams and Pike County, vacate the summary judgment in favor of Leslie, and remand with instructions to dismiss Leslie's claims for prospective relief.

## BACKGROUND

In 1996, Leslie entered into an installment sales contract with Leonard Lacy for the sale of a mobile home. On that same day, the clerk's office of the Pike County Court of Common Pleas issued a certificate of title listing Leslie as the owner and Lacy as the first lienholder.

In December 1998, Lacy, claiming that Leslie had defaulted on her payments, submitted an application to the clerk's office, seeking a transfer of title pursuant to Ohio Rev.Code § 4505.10(A). Because Lacy submitted the original certificate of title, no further affidavit, information, or proof of ownership was required for transfer of title under § 4505.10(A). The clerk then transferred title to the mobile home to Lacy without notice or a hearing to Leslie because § 4505.10(A) did not require such a procedure.

Leslie filed suit against Lacy, Pike County, Williams in his official capacity, and an unidentified employee of the clerk's office. Her complaint alleged deprivation of property without due process of law in violation of 42 U.S.C. § 1983, breach of contract, conversion, and violations of Ohio's UCC. Leslie sought compensatory damages, a declaration that Ohio Rev.Code § 4505.10 was unconstitutional on its face and as applied to her and all others similarly situated, and injunctive relief requiring the defendants to transfer title of the mobile home back to her. Leslie settled her claims against Lacy in exchange for transfer of the title back to her. The district court held that Eleventh Amend-ment immunity precluded plaintiff's § 1983 claims for money damages. It also declared that § 4505.10(A) was unconstitutional on its face and as applied because it had no notice or hearing requirements and permanently enjoined Williams from implementing § 4505.10(A).

Both Williams and Leslie appealed the district court's decision. This court granted defendants' motion to stay the district court's ruling pending appeal and permitted the Ohio Attorney General to intervene on appeal. While this appeal was pending, the Ohio legislature enacted a new version of Ohio Rev.Code § 4505.10(A), which became effective on June 29, 2001.

## DISCUSSION

### Eleventh Amendment Immunity/Monetary Relief

■■■ Leslie contends that the district court erred by granting summary judgment to the defendants on her § 1983 claims for money damages. The defendants requested summary judgment on qualified immunity grounds. The district court, finding that qualified immunity did not apply because Williams was sued in his official capacity, *sua sponte* raised the issue of Eleventh Amendment immunity.

The Eleventh Amendment is a limitation on federal subject matter jurisdiction. *See Edelman v. Jordan,* 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Courts can consider an Eleventh Amendment defense *sua sponte. See Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000).

A suit against a state official in his official capacity seeking monetary damages for violations of § 1983 is barred by the Eleventh Amendment because such a suit is, in fact, a suit against the state. *See,*

*e.g., Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Thus, if Williams acted as an agent of the state of Ohio and not Pike County when he transferred title of the mobile home to Lacy, then Leslie's § 1983 claims for money damages against Williams would be barred by the Eleventh Amendment. Furthermore, if Williams was not acting as an agent of Pike County when he transferred title to Lacy, Pike County cannot be liable for his actions under § 1983. *See Pusey v. City of Youngstown,* 11 F.3d 652, 659 (6th Cir.1993) (stating that where a local official acts as an agent of the state, his actions cannot be attributed to a local municipality).

Ohio's courts of common pleas are not segments of county government but are arms of the state for purposes of § 1983 liability and the Eleventh Amendment. *See Mumford v. Basinski,* 105 F.3d 264, 268–70 (6th Cir.1997). The clerk of a court of common pleas "shall exercise the powers conferred and perform the duties enjoined upon him by statute and by the common law; and in the performance of his duties shall be under the direction of the court." Ohio Rev.Code § 2303.26. Accordingly, the district court correctly concluded that "[i]t logically follows that the clerks of court, who operate under the authority of the common pleas courts, are likewise arms of the state of Ohio for purposes of § 1983 liability, at least when they conduct the business of the court or other duties mandated by state law."

Furthermore, an examination of the Ohio statutory scheme for the issuance of certificates of title for motor vehicles reveals that Williams's relevant actions were controlled by the state. Under Ohio law, the registrar of motor vehicles "shall administer the laws of the state relative to

the registration of and certificates of title for motor vehicles." Ohio Rev.Code § 4501.02(A). The registrar is charged with issuing "rules as the registrar determines necessary to ensure uniform and orderly operation of this chapter, and the clerks of the courts of common pleas shall conform thereto." § 4505.02. The application for a certificate of title must be "in a form prescribed by the registrar of motor vehicles." § 4505.06(A). The form of the certificate is regulated by state law, as is the manner which the clerk issues the certificates. *See* §§ 4505.07 and 4505.08. The registrar is the final decisionmaker when it comes to the transfer of titles. *See* § 4505.10(A).

Because Williams acted as an agent of the state of Ohio and not Pike County when he implemented § 4505.10(A) to transfer title from Leslie to Lacy, the Eleventh Amendment bars Leslie's § 1983 claims for money damages against Williams and Pike County.

### Constitutional Review of § 4505.10(A)/Prospective Relief

■ Williams and the Attorney General argue that the district court erred by granting summary judgment for Leslie on the issue of § 4505.10(A)'s constitutionality and, accordingly, that it should not have granted declaratory and injunctive relief. For reasons different than those briefed by Williams and the Attorney General, we vacate the district court's grant of summary judgment for Leslie with instructions that Leslie's § 1983 claims for prospective relief be dismissed.

"Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir. 1997) (citation omitted). A case is moot

"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). This court must make a mootness inquiry at every stage of a case, whether the parties raise the issue or not. *See McPherson,* 119 F.3d at 458. While appeals are pending, changes in law and the enforcement of law may moot some or all of a plaintiff's claims. *See, e.g., Banas v. Dempsey,* 742 F.2d 277, 281 (6th Cir.1984) (holding that a change in federal law while an action was pending rendered moot the plaintiffs' request for injunctive relief to prevent the defendant from enforcing allegedly unconstitutional state practices). "[I]f a case becomes moot during an appeal, the judgment below must be vacated and the case remanded with instructions to dismiss." *McPherson,* 119 F.3d at 458.

In her complaint, Leslie argued that the version of § 4505.10(A) that was in effect in 1998 was unconstitutional. The district court agreed, granting her prospective relief under § 1983. That prospective relief consisted of a declaratory judgment that § 4505.10(A) was unconstitutional and a permanent injunction preventing Williams from implementing § 4505.10(A). While this direct appeal has been pending, and perhaps in response to the district court's holding, the Ohio legislature enacted a new version of § 4505.10(A).

The concern that prompted Leslie's claims for prospective declaratory and injunctive relief pursuant to § 1983 was that, in the future, Williams would implement the "unconstitutional" § 4505.10(A) to her detriment. Since the 1998 version of § 4505.10(A) is no longer in effect, Leslie's concern is now moot. Court clerks will now implement the new version of § 4505.10(A). Accordingly, without expressing any view on the constitutionality of either the 1998 or 2001 versions of § 4505.10(A), we vacate the district court's grant of summary judgment to Leslie on her § 1983 prospective claims and remand with instructions to dismiss. Any potential challenge to the constitutionality of the 2001 version of § 4505.10(A), which now appears to contain notice requirements, would be an issue for another day and another case.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's decision that the Eleventh Amendment bars Leslie's claims for monetary damages, VACATE the district court's grant of summary judgment in favor of Leslie on her claims for prospective relief, and REMAND with instructions to dismiss those claims.